Francis J. O'Reilly
Attorney for Plaintiff
Law Office of Francis J. O'Reilly, Esq.
10 McMahon Place
Mahopac, NY 10541
(845) 621-1255
foreilly@verizon.net

FILED
U.S. DISTRICT COURT
2015 JAN 16 AM 11:00
S.D. OF N.Y.W.P.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

15 CV 00322

| | |
|---|---|
| Francis J. O'Reilly<br><br>Plaintiff,<br><br>v.<br><br>Source Recovery Services, LLC d/b/a Source Mediation Services,<br><br>Defendant. | Civil Case No.: JUDGE BRICCETTI<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

1. Plaintiff, Francis J. O'Reilly (Mr. O'Reilly), is a natural person residing in Brewster, New York, at all times relevant to this action.

2. Defendant, Source Recovery Services, LLC d/b/a Source Mediation Services, ("SMS"), is a Pennsylvania Limited Liability Company that maintained its principal place of business in Secane, Pennsylvania, and has an office in Mount Laurel, New Jersey, at all times relevant to this action.

**JURISDICTION AND VENUE**

3. Pursuant to 28 U.SC. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to the claim occurred in this District.

**STATEMENT OF FACTS**

5. At all times relevant to this action, SMS collected consumer debts.

6. SMS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of SMS's revenue is debt collection.

8. SMS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, SMS contacted Mr. O'Reilly to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C.§1692a(5).

11. Mr. O'Reilly is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. Around January 6, 2015, SMS began calling Mr. O'Reilly on his personal home telephone in connection with the collection of the debt.

13. On January 6, 2015, Mr. Sukra, an employee of SMS, called Mr. O'Reilly on his home telephone attempting to collect a debt allegedly due to Suburban Propane and did not advise Mr. O'Reilly that the call was from a debt collector and that any information could be used for that purpose.

14. On January 9, 2015, Mr. Sukra, an employee of SMS telephoned Mr. O'Reilly at his home attempting to collect a debt allegedly due to Suburban Propane and left a recorded message. He did not advise that the telephone call was from a debtor collector and was an attempt to collect a debt and that any information obtained could be used for that purpose.

15. On January 9, 2015, Mr. Sukra, an employee of SMS, called Mr. O'Reilly at his place of employment attempting to collect a debt allegedly due to Suburban Propane and did not advise Mr. O'Reilly that the call was from a debt collector and that any information obtained could be used for that purpose.

16. At no time did SMS advise Mr. O'Reilly that he had thirty days to dispute the debt alleged by Suburban Propane.

17. SMS did not mail the validation notice required under 15 U.S.C. §1692g(a) to Mr. O'Reilly.

18. SMS caused Mr. O'Reilly emotional distress.

19. SMS caused Mr. O'Reilly to incur legal fees.

20. SMS attempted to collect a debt from Mr. O'Reilly.

21. SMS violated the FDCPA.

**COUNT ONE**

**Violation of the Fair Debt Collection Practices Act**

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. 1692e(11) on January 6, 2015 by calling Plaintiff and not disclosing that the call was from a debt collector and that any information obtained would be used for that purpose.

**COUNT TWO**

**Violation of the Fair Debt Collection Practices Act**

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. 1692e(11) on January 9, 2015 by calling Plaintiff's home telephone, leaving a recorded message and not disclosing that the call was from a debt collector and that any information obtained would be used for that purpose.

**COUNT THREE**

**Violation of the Fair Debt Collection Practices Act**

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. 1692e(11) on January 9, 2015 by calling Plaintiff's office telephone and not disclosing that the call was from a debt collection and that any information obtained would be used for that purpose.

**COUNT FOUR**

**Violation of the Fair Debt Collection Practices Act**

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692(g)(a) by failing to mail a notice advising Mr. O'Reilly that he had thirty days to dispute the debt to Mr. O'Reilly within five days of the initial contact with Mr. O'Reilly.

**COUNT FIVE**

**Violation of the Fair Debt Collection Practices Act**

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

**JURY DEMAND**

32. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

33. Plaintiff prays for the following relief:

a) Judgment against defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b) For such other legal and/or equitable relief as the Court deems appropriate.

Dated: White Plains, NY
January 16, 2015

RESPECTFULLY SUBMITTED.

Francis J. O'Reilly
Attorney for Plaintiff
Law Office of Francis J. O'Reilly, Esq.
10 McMahon Place
Mahopac, NY 10541
(845) 621-1255
foreilly@verizon.net